UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. BURNSIDE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1126-MMM |
| | ) |
| BRANDON KIENTZLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint against eleven Defendants for claims related to his arrest and several incidents at the Peoria County Jail, including but not limited to, the physical conditions of his cell and the alleged use of excessive force by staff members.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's myriad claims are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the

1

plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits…"). Plaintiff's claims do not arise from the same transaction or series of related transactions simply because the alleged events occurred during his stint at the Peoria County Jail. Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. He will be given leave to amend his complaint.

Additionally, Plaintiff failed to indicate in his complaint if he exhausted his administrative remedies before filing suit. Plaintiff must complete the grievance process before filing a lawsuit, not after. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see also Kincaid v. Sangamon Cnty.*, 435 F. App'x 533, 536-37 (7th Cir. 2011) (recognizing that the § 1997e(a) exhaustion requirement applies to jail as well as prison grievance procedures). Plaintiff also neglected to include any information about his litigation history in his complaint. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (requirement to include litigation history allows a court to effectively manage its docket and adhere to the three-strike requirement of § 1915(g)). If Plaintiff files an amended complaint, he is required to include this information. The Clerk will send Plaintiff a copy of a blank civil rights complaint form.

Finally, Plaintiff filed a "Motion to Enter Evidence List of Exhibits" and requested leave to enter a list of supporting exhibits, including various videos and documents related to his arrest. (Doc. 5). Fed. R. Civ. P. 8(a)(2), however, requires that a pleading contain a short and plain

statement showing that the pleader is entitled to the relief sought. Plaintiff's confusing request to cross-reference exhibits on a separately filed list does not comply with Rule 8 and is unnecessary at the pleadings stage. *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (grievances and facility responses attached to the complaint were not "necessary" and not considered by the court). Accordingly, Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. It is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights and to the correct the deficiencies identified above. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. The Clerk is directed to provide Plaintiff with a copy of a blank civil rights complaint form.

3. Plaintiff's Motion to Enter Evidence List of Exhibits [5] is DENIED.

ENTERED: June 22, 2022

                                                          s/ Michael M. Mihm
                                                          Michael M. Mihm
                                                          U.S. District Court Judge