UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. BURNSIDE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-1126-MMM |
| ) | |
| BRANDON KIENTZLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging that he was falsely arrested in violation of the Fourth Amendment. The case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 19). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff was stopped by Peoria police officers Jeffrey Hinshaw and Brandon Kientzle as he exited a public gym on December 1, 2021. Plaintiff alleges that they searched and arrested him without probable cause and falsely claimed to have an arrest warrant. Plaintiff asked to see a copy of the warrant, but Defendants refused to produce it.

Plaintiff alleges that Defendants took him to the police station and forced him to give a statement, even though he told Defendants that he did not want to go. Plaintiff claims their interaction was recorded on video, but the video was tampered with to make it look like Plaintiff agreed to go to the station to make a statement.

Plaintiff claims he was interrogated at the station, even though he wished to remain silent, and was questioned about his Islamic faith and being Moorish American.

Plaintiff alleges that he was wrongfully imprisoned at the Peoria County Jail until January 29, 2022. Plaintiff does not indicate the reason for his release or if criminal charges were brought against him.

Plaintiff seeks $840 million in damages from each Defendant.

**ANALYSIS**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917 (2017). "It is axiomatic that '[a] warrantless arrest ... must be supported by probable cause.'" *United States v. Sholola*, 124 F.3d 803, 814 (7th Cir. 1997) (internal citations omitted). "In order to make an arrest without a warrant, the police must have probable cause, under the totality of the circumstances, to reasonably believe that a particular individual has committed a crime." *Id*.

Here, Plaintiff does not indicate if criminal charges were brought against him, and if so, whether there were judicial findings regarding probable cause for the initial stop or the alleged search. If there was probable cause for his arrest, Plaintiff may not proceed on a Fourth Amendment claim for false arrest. *See Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011) (existence of probable cause will defeat a Fourth Amendment false arrest claim); *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir.1991) ("the existence of probable cause for an arrest is an

absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution.") (internal citation omitted).

Plaintiff has not provided sufficient information for the Court to determine whether he has successfully pled a Fourth Amendment claim. His Amended Complaint is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given a final opportunity to replead within 30 days.

If Plaintiff repleads, he is to indicate whether criminal charges were brought against him, and if so, the outcome of any state court probable cause hearing. He must also inform the Court of the status of his criminal case. If the state court proceedings have not yet been resolved, this Court may be required to stay these proceedings under *Younger v. Harris*, 401 U.S. 37, 54 (1971), until the state court case is resolved. "As a rule, a federal court shall not intervene in a pending state criminal prosecution." *Williams v. Farris*, No. 13-CV-00315-MJR, 2013 WL 1729379, at *2 (S.D. Ill. Apr. 22, 2013) (citing *Younger*, 401 U.S. at 54).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity to replead within 30 days from the entry of this Order. The pleading is to be captioned "Second Amended Complaint." The Second Amended Complaint must include all of Plaintiff's claims against all Defendants without reference to a prior pleading and is to comply with the Court's instructions. Failure to file a Second Amended Complaint within 30 days will result in the dismissal of this case, without prejudice, for failure to state claim.

ENTERED:    10/20/2022

s/ Michael M. Mihm  
Michael M. Mihm  
U.S. District Court Judge